NO. 07-03-0156-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 2, 2003

_____

IN RE LAWRENCE HIGGINS,

Relator

_____

**ORIGINAL PROCEEDING**

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Pending before this court is a *pro se* motion for writ of mandamus seeking that we compel "the 251st [D]istrict Court to proceed with operation of law in the cause #50,573-C." The latter cause apparently involves a lawsuit against defendants denominated "Woodburn, Sears and Watkins." Furthermore, we construe this as a request to order the Hon. Patrick Pirtle, Judge of the 251st District Court in Randall County, to rule on relator Lawrence Higgins's allegedly pending motions "to appoint an expert investigator" and "to refer [the] action to trial by jury." We deny the motion for the following reasons.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

First, Higgins failed to accompany his petition with the requisite filing fee or an affidavit of indigence.[2] When a party seeks to invoke the jurisdiction of this court through a notice of appeal, an affidavit of indigence is required of one who cannot pay the costs in the appellate court. TEX. R. APP. P. 20.1. This rule is no less applicable in actions for writs of mandamus, and we are not required to rule on matters without a proper showing of indigence. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001) (orig. proceeding).

Second, the petition does not comply with the applicable rules of appellate procedure. That is, Higgins failed to verify the factual statements in his petition and to incorporate a table of contents, an index of authorities, a statement of the case, statement of jurisdiction, a statement of the issues presented, a statement of facts, or a section developing his argument.[3] TEX. R. APP. P. 52.3. Also missing is an appendix including, among other things, a "certified or sworn copy of . . . [the] document[s] showing the matter complained of." *Id.* In this case, those requisite documents would be, at the very least, the motions upon which he seeks a ruling.

Finally, a trial court does not abuse its discretion until the complainant establishes that the court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992). Application of this rule would require Higgins to illustrate that the trial court

---

[2] Higgins asserts in his petition that he has filed a "civil action claims suit." Further, the address on his letter to this court indicates that he is incarcerated. We therefore assume that he has filed an affidavit of indigence in the trial court, but we have no record before us to show that fact.

[3] A *pro se* litigant is required to comply with the rules of appellate procedure. *Holt v. F. F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).

was aware of the motions.  However, we have nothing before us showing that the trial court knew of them.  Nor can we impute such knowledge simply because they may have been filed with the district clerk.  *See In re Chavez*, 62 S.W.3d at 222 (stating that we know of no rule which imputes the clerk's knowledge to the trial court).

For these reasons, we deny, without prejudice, the petition for writ of mandamus.


Brian Quinn
Justice