NO. 07-03-0043-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 17, 2003

_____


DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

V.

TED SCOTT, M.D., ET AL., APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

Proceeding *pro se*, appellants Dale Sue Jones and Stanley Ray Jones perfected

this appeal from the trial court's order of December 6, 2002, dismissing their health care

_____

[1]Tex. R. App. P. 47.2(a).

liability claim against appellee New Reflections. The reporter's record was filed on March 11, 2003, and the clerk's record was filed on May 13, 2003. Based on our examination of the record and the rationale expressed herein, we must dismiss this purported appeal for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction to hear an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied); *see also* New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). That jurisdiction is established by various constitutional and statutory provisions. *See, e.g.*, Tex. Const. art. 5, § 6; Tex. Gov't Code Annotated § 22.220 (Vernon 1988). This Court has no jurisdiction to review an interlocutory order absent an express grant of authority. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003).

Initially, we note that p*ro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, no pet.). A review of the record establishes that by their original petition, appellants sued Ted Scott, M.D., Sandra Dickerson, M.D., Chanda Dihania, M.D., Rolf Gordhamer, Susan Bickel, Covenant Health System, and New Reflections. The record contains orders of dismissal as to Dickerson, Dihania, Gordhamer, Covenant Health System, and New Reflections. The record also contains a motion to dismiss filed by Scott by which he requests the case be dismissed for the Joneses' failure to file an expert report and failure to comply with the Texas Medical

2

Liability and Insurance Improvement Act. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2003). Pursuant to Scott's motion, the trial court signed an order on February 8, 2002, directing the Joneses to file an expert report in compliance with the Act within 30 days, noting that failure to do so would result in dismissal with prejudice and payment of Scott's reasonable attorney's fees and costs. The clerk's record, however, does not include an order dismissing the case as to Scott.

By letter dated May 19, 2003, this Court notified appellants of the defect and directed that they show cause why the appeal should not be dismissed for want of jurisdiction. Appellants responded contending their appeal is from a final order that disposes of all issues. In support of their contention, they rely on the definition of "interlocutory" in Black's Law Dictionary 815 (6th ed. 1990). Attached as an exhibit to their response is a copy of an article entitled "Requirements for Appealing a Decision," from an unidentified authority, on which they also rely. The article provides in part:

> Any court order that does not complete the case is not considered a final order. For example, if the judge denies a motion to dismiss, the proceeding will continue and the order denying the motion is considered an interim order or interlocutory order, not a final order. . . . On the other hand, if the judge grants the motion to dismiss the case, that order is final. . . .

Appellants rely on the foregoing language in support of their contention that because the trial court granted New Reflections's motion to dismiss, it is final and appealable and disposes of the case. However, where multiple defendants are involved, an order that

3

does not dispose of all claims and parties is interlocutory and not appealable. *See* Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001) (holding that when there has not been a conventional trial on the merits, an order or judgment is interlocutory and not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties). Nothing in this record indicates disposition of the claim against Ted Scott, M.D. Therefore, this Court is without power to review this purported appeal and has jurisdiction only to dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

4