NO. 07-03-0128-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 18, 2003
_____

ROBERT B. MCCALL,

Appellant

v.

RAQUEL S. HASKINS, ET AL.,

Appellees
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,543-B; HON. JOHN B. BOARD, PRESIDING
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

Robert B. McCall (McCall) appeals from an order dismissing, as frivolous and malicious, his lawsuit against Raquel S. Haskins and other employees of the Texas Department of Criminal Justice. We dismiss the appeal.

The trial court's order of dismissal was signed on February 18, 2003. McCall filed his notice of appeal on March 3, 2003. No filing fee accompanied the notice. Nor does the appellate record indicate that he filed an affidavit of indigence in the trial court with or

before his notice of appeal.[1]  *See* TEX. R. APP. P. 20.1(c)(1) (stating that an appellant must file the affidavit of indigence in the trial court with or before the notice of appeal).  The clerk of this court notified appellant of the omission via letter dated March 17, 2003. Through that letter, the clerk also notified appellant that the failure to pay the requisite fee may result in the dismissal of the appeal.

Instead of delivering the requisite fee, McCall filed, on March 31, 2003, a document entitled "Affidavit of Inability on Appeal."  Therein, he merely claims to be "unable to pay the court costs or marshall [sic] fees."  Nothing is said about his income, assets, debts, dependents, or the like, as required by Texas Rule of Appellate Procedure 20.1(b).[2]  *See In re Chavez*, 62 S.W.3d 225, 227 (Tex. App.–Amarillo 2001, orig.  proceeding) (holding the relator's mere statement that "I am indigent and unable to pay, or give security . . . [for] any filing fees or costs . . . ." did not entitle him to the status of an indigent). Nor was the document filed at a time which permitted anyone to contest it under appellate rule 20.1(e).

Because McCall has neither paid the filing fee nor relieved himself of the obligation to do so by complying with Texas Rule of Appellate Procedure 20.1, we dismiss the appeal under Texas Rule of Appellate Procedure 42.3(c).

Per Curiam

---

[1]McCall did file a document purporting to illustrate his indigent status with the trial court when suit was initiated.  However, that did not relieve him from his obligation to file another when attempting to perfect an appeal; nor did it entitle him to proceed as an indigent. *Holt v. F. F. Enterprises*, 990 S.W.2d 756, 758-59 (Tex. App.–Amarillo 1998, pet. denied).

[2]According to Rule 20.1(b), the affidavit must contain "complete information" about the affiant's income, that of his spouse, if any, his assets, his cash on deposit, his dependents, and his debts, among other things.  TEX. R. APP. P. 20.1(b).