**Troy E. HOLT, Appellant,**

v.

**F.F. ENTERPRISES, et al., Appellee.**

**No. 07–98–0256–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 25, 1998.

Troy E. Holt, Lubbock, TX, appellant pro se.

F.F. Enterprises, Nashua, NH, for appellee.

Before DODSON and QUINN and REAVIS, JJ.

### ON MOTION FOR REHEARING

REAVIS, Justice.

By an unpublished opinion dated October 19, 1998, this Court dismissed appellant Troy E. Holt's appeal for failure to pay the required filing fee and for failure to timely file an affidavit of indigence. Upon motion for rehearing, appellant contends he in good faith complied with Rule 20.1 of the Texas Rules of Appellate Procedure and asks this Court to grant his motion, reconsider the order of dismissal, and reinstate his appeal. Remaining convinced that our initial disposition of the matter was correct, we overrule appellant's motion for rehearing with the following comments.

Under former Rule 41(a) of the Texas Rules of Appellate Procedure, a party unable to pay the costs of appeal was required to file an affidavit of indigence

after judgment was signed. White v. Schiwetz, 793 S.W.2d 278 (Tex.App.—Corpus Christi 1990, no writ). Under current Rule 20.1, which became effective September 1, 1997, which also applies to a party who is incarcerated, *see* Tex.R.App .P. 20.1(g), a party desiring to proceed *in forma pauperis* is required to file an affidavit of indigence **in compliance with** Rule 20.1 in the trial court with or before the notice of appeal. *See* Tex.R.App.P. 20.1(c).[1] Although language requiring an affidavit to be filed postjudgment was not carried forward in the current rule, a reading of Rule 20.1 in its entirety together with consideration of other relevant rules and statutes, compels the conclusion that a new affidavit of indigence must be filed in the trial court after judgment for purposes of appeal, regardless of whether appellant filed an affidavit in the trial court under Rule 145 of the Texas Rules of Civil Procedure.[2]

■ The Texas Rules of Civil Procedure "govern the procedure in the justice, county, and district courts," Tex.R.Civ.P. 2, whereas the Texas Rules of Appellate Procedure govern procedure in appellate courts. Tex.R.App.P. 1. Also, Rule 145(2) sets forth the requirements of an affidavit of inability to pay costs at the trial court level. A comparison of these requirements with the requirements of Rule 20.1(b) reveals that an appellate affidavit requires additional information. The additional requirements of a Rule 20.1 affidavit, which **must** be included in the affidavit, clearly indicate the necessity for filing a new affidavit for purposes of appeal and dispel any contention that a previously filed affidavit in the trial court under Rule 145 is effective to establish indigent status for purposes of appeal. The word "must" recog-

nizes a condition precedent. *See* Tex.Gov't Code Ann. § 311.016(3) (Vernon 1998).

■ Further, under Rule 145, the defendant is the only party who may contest an affidavit of inability to pay costs. While the case remains in the trial court, neither the trial court clerk nor the reporter have standing to contest a party's indigent status. However, after judgment, both the clerk and reporter, who may be required to provide a free appellate record, have standing to contest an affidavit of indigence. Tex.R.App.P. 20.1(e).[3] Under Rule 20.1(j), when a party establishes indigence, "the trial court clerk and the court reporter must prepare the appellate record without payment." Thus, an affidavit as required by Rule 20.1(b) must be filed in the trial court as a triggering instrument for a clerk or reporter to contest it as provided for by Rule 20.1(e). *See also* Tex.R.App.P. 20.1(d). Similarly, section 13.003(a)(1) of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986) provides that the court reporter shall provide a free statement of facts and the clerk shall prepare a free transcript if an affidavit of inability to pay the costs of the appeal has been filed under **"the Texas Rules of Appellate Procedure...."** A construction of Rule 20.1(c) permitting a Rule 145 affidavit to relate forward for purposes of appeal would deny the court reporter and the clerk the opportunity to contest indigent status. *White*, 793 S.W.2d at 281.

■ Rules of procedure have the same force and effect as statutes and thus, similar rules of construction apply. In Re VanDeWater, 966 S.W.2d 730, 732 (Tex. App.—San Antonio 1998, no writ). A stat-

---

1. Rule 32.1(k) of the Texas Rules of Appellate Procedure requires that the docketing statement filed in this Court include the date of filing of any affidavit of indigence, the date of filing of any contest, the date of any order on the contest and whether the contest was sustained or overruled.

2. References to Rule 2 and Rule 145 are to the Texas Rules of Civil Procedure. All other references to rules are to the Texas Rules of Appellate Procedure.

3. Although the provision captioned "**Contest to Affidavit**" is labeled subpart (c), it is intended to be subpart (e) and will be referred . to as subpart (e) in this opinion.

ute must be construed in its entirety and consideration given to the consequences that would follow from each construction, Sayre v. Mullins, 681 S.W.2d 25, 27 (Tex. 1984), and one provision is not to be given meaning out of harmony with other provisions. Black v. American Bankers Insurance Company, 478 S.W.2d 434 (Tex.1972).

A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Greenstreet v. Heiskell,* 940 S.W.2d 831 (Tex.App.—Amarillo 1997), *reh'g. denied,* 960 S.W.2d 713 (1997). If a *pro se* litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Id.* at 835.

Here, although appellant filed an affidavit of indigence in this Court in response to a letter directing him to pay the required filing fee, the affidavit did not comply with the mandatory requirements of Rule 20.1(b). Further, affidavits to establish indigence can only be effectively filed in Courts of Appeals in original proceedings. Tex.R.App.P. 20.1(c)(2). The rules of appellate procedure do not provide for an affidavit mistakenly filed in this Court to be deemed filed in the trial court. *Cf.* Tex.R.App.P. 25.1(a). Also, because appellant had previously filed his notice of appeal, a motion for extension of time to file a late affidavit of indigence was required to be filed within fifteen (15) days after the date he filed his notice of appeal in the trial court. Tex.R.App.P. 20.1(c)(3).

Accordingly, remaining convinced that our original disposition of this appeal was proper because appellant did not comply with the requirements of Rule 20.1, his motion for rehearing is hereby overruled.