NO. 07-00-0495-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 13, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 817,719; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 By opinion and order dated March 6, 2001, this appeal was abated and remanded
to the trial court for further proceedings in regard to appellant's intent to prosecute the
appeal and appellant's possible status as an indigent. The clerk of this court received, and
on March 9, 2001, filed a Supplemental Clerk's Record. Contained in the Supplemental
Clerk's Record were documents clearly indicating an intent to prosecute the appeal and
an order of the judge of the 337th District Court of Harris County appointing counsel to
represent appellant on appeal, and directing the court reporter to prepare a statement of
facts. 

 Accordingly, our prior order of abatement and remand dated March 6, 2001, is
withdrawn. The appeal is reinstated. The reporter's record is directed to be filed on or
before April 4, 2001. Subsequent appellate filing times and deadlines shall be based on
such due date for the reporter's record. Tex. R. App. P. 2. 

 

 Per Curiam. 

Do not publish.



family: Arial"> Appellants Kyle Zahn, Amy Zahn, Zahn Enterprises, Inc., Rick Denzer filed a notice
of appeal on August 24, 2006. However, they did not pay the $125 filing fee required from
appellants under Texas Rule of Appellate Procedure 5. Nor did they file an affidavit of
indigence per Texas Rule of Appellate Procedure 20.1. By letter from this Court dated
August 31, 2006, we informed appellants that "the filing fee in the amount of $125.00 has
not been paid" and that the "[f]ailure to pay the filing fee within ten (10) days from the date
of this notice may result in a dismissal." Tex. R. App. P. 42.3(c); see Holt v. F. F.
Enterprises, 990 S.W.2d 756 (Tex. App.-Amarillo 1998, pet. ref'd). The deadline lapsed,
and the fee was not paid.

 Because appellants failed to pay the requisite filing fee as directed by the court, we
dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 


 

 Per Curiam