NO. 07-02-00093-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 19, 2002, 


______________________________



RESHAWN L. JOHNSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-424,513; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Before BOYD, C.J, QUINN, REAVIS and JOHNSON, J.J.

 Reshawn L. Johnson, (Johnson), a current inmate with the Texas Department of
Criminal Justice (TDCJ), filed a notice of appeal on February 21, 2002. However, Johnson
did not pay the $125 filling fee required from appellants pursuant to Texas Rule of
Appellate Procedure 5. Nor did he (at the time he noticed his appeal) file an affidavit
pursuant to Texas Rule of Appellate Procedure 20.1 relieving him of his duty to do so. By
letter from this Court dated February 25, 2002, we informed appellant that "[u]nless the
filing fee in the amount of $125.00 is paid . . . [his] appeal will be subject to dismissal. Tex. 

R. App. P. 42.3(c); See Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex. App.--Amarillo
1998, pet. ref'd.). 

 In apparent response to our February letter, the court received from Johnson a
document entitled Affidavit of Indigency In Lieu of Cost Bond, wherein he represented that
he was an indigent. Yet, the affidavit does not comport with the requirements of an
affidavit of indigence specified under Texas Rule of Appellate Procedure 20.1(b). Nor was
it filed within the deadlines set by Texas Rule of Appellate Procedure 20.1(c)(1)
(establishing the deadline by which one must request leave to proceed as a pauper) and
20.1(c)(3) (establishing the deadline by which one must seek leave to extend the deadline
contemplated under 20.1(c)(1)). Nor was it accompanied by any motion for leave to extend
either of those deadlines. Thus, we conclude that appellant's Affidavit of Indigency is
ineffective to relieve him from his obligation to pay the aforementioned filing fee. 

 Due to appellant's failure to pay the filing fee, we dismiss the appeal pursuant to
Texas Rule of Appellate Procedure 42.3 (c). 

 

 Per Curiam

 

 

Do not publish. 



>

 Consequently, we abate the appeal and remand the cause to the 140th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal;


 whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.
2d 821, 828 (1985) (holding that indigent defendant is entitled to the
effective assistance of counsel on the first appeal as a matter of right
and that counsel must be available to assist in preparing and
submitting an appellate brief).



Tex. R. App. P. 38.8(b)(2).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal and has been denied effective assistance of counsel, then we further
direct the court to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, fax number and state bar number of the new counsel who
will represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a
supplemental clerk's record containing the findings of fact and conclusions of law and (2)
a supplemental reporter's record transcribing the evidence and argument presented at the
hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the
supplemental clerk's record and the supplemental reporter's record to be filed with the clerk
of this court on or before March 25, 2005. Should additional time be needed to perform
these tasks, the trial court may request additional time before March 25, 2005.

 Per Curiam

Do not publish.