NO. 07-02-0135-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 13, 2002
_____

$14,700.00 IN U.S. CURRENCY

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 15,802; HON. WILLIAM R. SHAVER, PRESIDING
_____

Before BOYD, C.J, QUINN, and REAVIS, J.J.

Aaron W. Frye (Frye) appeals from a judgment forfeiting $14,700.00 to the State of Texas. Frye filed a notice of appeal on March 22, 2002. However, Frye did not pay the $125 filling fee required from appellants pursuant to Texas Rule of Appellate Procedure 5. Nor did he (at the time he noticed his appeal) file an affidavit pursuant to Texas Rule of Appellate Procedure 20.1 relieving him of his duty to do so. By letter from this Court dated March 27, 2002 we informed Frye that "[f]ailure to pay the filing fee may result in dismissal." TEX. R. APP. P. 42.3(c); See *Holt v. F. F. Enterprises*, 990 S.W.2d 756 (Tex. App.--Amarillo 1998, pet. ref'd).

In apparent response to our March letter, the court received from Frye a document entitled "Appeallant's Request of Court to Excuse the Late Filing Of Waiver Application" and the "Application for Waiver of Court Fees and Costs" wherein he represented that he was an indigent. Yet, the application was not filed within the deadlines set by Texas Rule of Appellate Procedure 20.1(c)(1) (establishing the deadline by which one must request leave to proceed as a pauper) and 20.1(c)(3) (establishing the deadline by which one must seek leave to extend the deadline contemplated under 20.1(c)(1)). Nor was it accompanied by any motion for leave to extend either of those deadlines. Thus, we conclude that appellant's request and application is ineffective to relieve him from his obligation to pay the aforementioned filing fee.

Due to appellant's failure to pay the filing fee, we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3 (c).

Per Curiam

Do not publish.