Opinion issued August 1, 2002

 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00349-CV

____________


MILTON S. LEE, Appellant


V.


BRAESRIDGE APARTMENTS, Appellee






On Appeal from the County Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 763,734






O P I N I O N

 This is an appeal from a judgment on a forcible entry and detainer action. The
judgment was signed March 11, 2002. Appellant filed a notice of appeal on March
21, 2002, but did not file an affidavit of indigence at that time. The clerk's record has
been filed, and it contains no affidavit of indigence other than one filed by appellant
on December 14, 2001, pursuant to Texas Rule of Civil Procedure 145, at the time
he was appealing the adverse judgment from the Justice of the Peace Court to the
County Civil Court at Law. 

 On May 29, this Court ordered appellant to pay the $125 filing fee within 15
days or his appeal would be dismissed. On June 11, 2002, appellant filed a document
with this Court in which he stated that he is unable to pay the filing fee and requested
an extension of time without specifying a reason for an extension. 

 An appellant who cannot pay the costs in an appellate court must file the
affidavit of indigence in the trial court with or before the notice of appeal. Tex. R.
App. P. 20.1(c)(1). The appellate court may extend the time to file an affidavit of
indigence, if within 15 days after the deadline for filing the affidavit, the party files,
in the appellate court, a motion complying with Tex. R. App. P. 10.5(b). Tex. R.
App. P. 20.1(c)(3).

 Here, appellant did not comply with Texas Rule of Appellate Procedure
20.1(c)(1) because he did not file an affidavit of indigence with or before filing his
notice of appeal, which was due April 10, 2002. 

 On June 11, 2002, appellant filed a motion for extension of time to file his
affidavit of indigence, but the deadline for filing such a motion was April 25, 2002. 
Accordingly, we overruled appellant's motion for extension of time.

 Further, appellant's affidavit of indigence filed in the trial court on December
14, 2001 pursuant to Texas Rule of Civil Procedure 145, cannot serve as the affidavit
of indigence required by Texas Rule of Appellate Procedure 20.1(c)(1). See Holt v.
F.F. Enterprises, 990 S.W.2d 756, 758-59 (Tex. App.--Amarillo 1998, pet. denied).

 On June 27, 2002, we notified appellant that unless he paid the filing fee of
$125 within 15 days, his appeal would be dismissed. The 15 days have expired, and
appellant has not paid the filing fee.

 Accordingly, the appeal is dismissed for want of prosecution.

PER CURIAM

Panel consists of Justices Hedges, Taft, and Jennings.

Do not publish. Tex. R. App. P. 47.