NO. 07-03-0020-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 13, 2003

______________________________

ALVIN RAY COOPER,

Appellant

v.

OFFICER GILBERT CARLOS AND OFFICER TERRY MITCHELL, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 88343-B; HON. JOHN BOARD, PRESIDING

_______________________________

 
ORDER DISMISSING APPEAL
 

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6)
 Alvin Ray Cooper (Cooper) appeals from an order of the trial court dismissing his suit for want of prosecution.  The order was allegedly signed on December 2, 2002.  Furthermore, no affidavit or like document enabling him to proceed as an indigent on appeal was submitted along with or prior to the date he filed his notice of appeal.  Nor did he pay the requisite filing fee of $125.  
See 
Tex. R. App. P
.
 5.  That the fee went unpaid was brought to Cooper’s attention via a letter from this court dated January 4, 2003.  Through that missive, the court also told him that his failure to pay the fee could result in the dismissal of the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c) (authorizing the dismissal of an appeal because the appellant failed to comply with a rule of procedure, court order or a notice from the clerk requiring a response or other action within a specified time).  

Rather than send the requisite filing fee, Cooper mailed to the court a document entitled “Appellant’s Affidavit of Inability to Pay Costs.”  So too did he allege in the cover letter accompanying the document that the trial court had allowed him to proceed as an indigent when he first filed suit.  Neither, however, relieves him of the need to pay the requisite filing fee.  Regarding the former document, it fails to comport with the requirements of an affidavit of indigence described under Texas Rule of Appellate Procedure 20.1(b).  Nor was it filed within the deadlines prescribed by Texas Rule of Appellate Procedure 20.1(c)(1) (requiring the affidavit to be filed before or with the notice of appeal).  Nor did Cooper move to extend the deadline or file the document at issue within the time for moving to extend the foregoing deadline.  
See 
Tex. R. App. P
.
 20.1(c)(3) (stating that one may move to extend the deadline within 15 days after the deadline expires).  

As to the statement that the trial court allowed him to proceed as an indigent when suit was originally filed, that matters not.  That one may have been granted leave to proceed as a pauper at trial does not 1) entitle him to proceed in that status on appeal or 2) relieve him of his duty to comply with Rule 20.1.  
Holt v. F. F. Enterprises
, 990 S.W.2d 756, 758 (Tex. App.--Amarillo 1998, pet. ref’d).  Therefore, Cooper was required to timely file a new and current affidavit of indigence complying with Rule 20.1, and he did not.     

The appeal is dismissed pursuant to Texas Rule of Appellate Procedure 42.3(c). 

 

Per Curiam 

      

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).