NO. 12-03-00033-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 APPEAL FROM THE 321ST



IN THE INTEREST OF J.B.,
§
 JUDICIAL DISTRICT COURT OF

A CHILD


§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant Opal-Marie White ("White") attempts to appeal from a judgment terminating the
parent-child relationship between White and J.B., her minor child. White contends that she is
indigent and has filed a motion asking this court to remand the issue for determination by the trial
court. We deny White's motion and dismiss the appeal.

 The trial court signed a judgment terminating White's parental rights on October 29, 2002. 
White filed a notice of appeal on October 15, which was prior to the date of the judgment. However,
the notice of appeal is effective and deemed filed on October 29, but after the judgment was signed. 
See Tex. R. App. P. 27.1(a). White filed a motion for new trial on November 6. On February 6,
2003, this court notified White that the clerk's record was past due, but that the clerk had requested
an extension of time for filing the record because White had not paid or made arrangements for
payment of the required preparation fee. White was further notified that the appeal would be
presented to the court for dismissal in accordance with Texas Rule of Appellate Procedure 42.3(c)
unless proof of full payment to the clerk was provided to the court no later than February 17, 2003. 
On February 12, 2003, this court sent a similar notice regarding the reporter's record and gave White
until February 24, 2003 to provide proof of full payment for that record.

 On February 21, 2003, White filed an affidavit of indigency in the trial court. In the affidavit,
White asserted that she was without sufficient financial resources to pay the cost of the record for
the appeal and also requested a free record and appointed counsel. The affidavit was accompanied
by a motion for a free appellate record. On February 26, 2003, the reporter in the trial court filed a
contest to White's claim of indigence. Pursuant to motions filed in this court on March 3, 2003, the
deadlines for providing proof of payment for the clerk's and reporter's records were extended to
April 10, 2003 to allow the trial court to consider White's affidavit and the contest. However, the
trial court ruled that its plenary power had expired and did not address the contest. On March 31,
2003, White filed a motion requesting that this court remand the issue to "give the District Court the
power to rule on Motion for Indigence." 

 Rule 20.1 provides that a party who cannot pay the costs in an appellate court must file an
affidavit of indigence in the trial court with or before the notice of appeal. Tex. R. App. P. 20.1(c). 
White alleges in her motions for extension of time filed with this court that she attempted to file an
affidavit of indigency on October 15, 2002 "coincidentally with her filing of her original notice of
appeal, however, the Affidavit was either denied or never ruled upon at the trial court." (1) The
materials submitted to this court do not include a file-marked copy of this affidavit. Therefore, we
conclude, based on our review of the submitted materials, that White did not timely file an affidavit
of indigence with or before the notice of appeal in compliance with Rule 20.1. 

 As previously stated, the trial court's judgment was signed on October 29, 2002. White filed
a motion for new trial November 6. We cannot determine from the materials before us whether the
motion for new trial was overruled by written order or by operation of law. If the motion was
overruled by written order, the trial court's plenary power ended thirty days after the written order
was signed. See Tex. R. Civ. P. 329b(e). If no written order was signed within seventy-five days
after the judgment was signed (October 29), the motion was overruled by operation of law seventy-five days after October 29, which would have been January 13, 2003. See Tex. R. Civ. P. 329b(c).
Consequently, the trial court's plenary power expired no later than February 12, 2003. See Tex. R.
Civ. P. 329b(e) (trial court's plenary power ends thirty days after motion for new trial is overruled
by written order or by operation of law). White's February 21 affidavit was filed after the trial
court's plenary power expired, and the trial court correctly determined it was without authority to
conduct a hearing on the contest. Furthermore, even if the affidavit had been filed before
February 12, the affidavit was not timely filed in accordance with rule 20.1. As a result, White has
failed to establish her claim of indigency and must pay for the appellate record. No proof of payment
has been submitted as required by this court's order. Therefore, we deny White's motion to remand
and dismiss the appeal pursuant to rule 42.3(c).

 Appeal dismissed.

Opinion delivered April 23, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.

















(PUBLISH)





1. White has furnished a file-marked copy of an affidavit filed on March 5, 2000 in connection with her request
for appointed trial counsel and an "Indigence Statement" filed on October 3, 2003 in which she again requested the
appointment of trial counsel. However, these documents relate to the proceedings in the trial court. For an appeal, an
affidavit of indigency must be filed in accordance with rule of appellate procedure 20.1. Holt v. F.F. Enterprises, 990
S.W.2d 756, 758 (Tex. App.- Amarillo 1998, pet. denied).