NO. 07-03-0140-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL 



JUNE 5, 2003


______________________________



ALLISON & DAVID CHAPA




 Appellants


v.



MCDOUGAL PROPERTIES, AND TEXAS STATE LEGAL SERVICES




 Appellees

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY



NO. 2002-593,577; HON. PAULA LANEHART, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellants Allison and David Chapa filed a notice of appeal on March 20, 2003. 
However, the Chapas did not pay the $125 filing fee required from appellants pursuant to
Texas Rule of Appellate Procedure 5. Nor did they file an affidavit pursuant to Texas Rule
of Appellate Procedure 20.1 relieving appellants of their duty to pay the fee. By letter from
this Court dated May 22, 2003, we informed appellants that "[u]nless the filing fee in the
amount of $125.00 is paid by Monday, June 02, 2003, the appeal will be subject to
dismissal." Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex.
App.--Amarillo 1998, pet. ref'd). June 2nd lapsed without the fee being paid.

 Consequently, we dismiss the appeal pursuant to Texas Rule of Appellate
Procedure 42.3(c). 

 

 

 Per Curiam

 

 



 his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of said counsel shall be included in the
order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Monday, December 2, 2002.

 It is so ordered.


 Per Curiam



Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.