NO. 07-03-0344-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 3, 2003
_____

PATRICK LEE MULLINS

Appellant

v.

GIB LEWIS EXTENSION CELL BLOCK, ET AL.

Appellees
_____

FROM THE 1-A DISTRICT COURT OF TYLER COUNTY;

NO. 18,549; HON. MONTE D. LAWLIS, PRESIDING
_____

_____*MEMORANDUM OPINION*
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Patrick Lee Mullins filed a notice of appeal on July 3, 2003. However, he did not pay the $125 filing fee required from appellants under Texas Rule of Appellate Procedure 5. Nor did he file an affidavit of indigence per Texas Rule of Appellate Procedure 20.1. By letter from this Court dated August 19, 2003, we informed appellant that "[u]nless the filing fee in the amount of $125.00 is paid by Monday, September 01, 2003, the appeal will be subject to dismissal." TEX. R. APP. P. 42.3(c); *see Holt v. F. F.*

*Enterprises*, 990 S.W.2d 756 (Tex. App.--Amarillo 1998, pet. ref'd). The deadline lapsed, and the fee was not received. Instead, Mullins sent a letter explaining that he proceeded as an indigent in the trial court and did not believe he had to again illustrate his purported indigence on appeal. Accompanying his missive was neither a motion for leave to file a belated affidavit of indigency or an affidavit of indigency as contemplated by Rule 20.1(b) of the appellate rules.

That an appellant illustrated himself to be an indigent at trial does not *ipso facto* entitle him to the same status on appeal. He must again prove that he lacks the economic means to pay applicable court costs. *Holt v. F. F. Enterprises*, 990 S.W.2d at 758-59. Mullins did not do this on or before filing his notice of appeal, as mandated by rule of procedure. TEX. R. APP. P. 20.1(c)(1). Nor did he move the court for an extension of the deadline per appellate rule 20.1(c)(3) or present evidence of his alleged status as a pauper at any time after filing his notice of appeal. Thus, he has not shown himself entitled to proceed as an indigent.

Because Mullins has failed to pay the requisite filing fee as directed by the court, we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c).

Per Curiam