NO. 07-04-0322-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 3, 2004



______________________________




TOMMY HEATH, JR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,316-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR REHEARING


 Originally we dismissed appellant Tommy Heath, Jr.'s appeal for want of jurisdiction
for filing an untimely notice of appeal. By his motion for rehearing, appellant asserts he
was granted an out-of-time appeal by the Court of Criminal Appeals. We grant the motion
and withdraw our original opinion and judgment of June 23, 2004, and, in lieu thereof,
issue the following opinion reinstating the appeal.

 When the clerk's record was filed in this appeal on June 11, 2004, this Court had
not received notice from the Court of Criminal Appeals that appellant had been granted an
out-of-time appeal on April 28, 2004. Thus, the notice of appeal filed on May 24, 2004,
contained in the clerk's record by which appellant expressed an intent to appeal the trial
court's revocation of community supervision pronounced on October 14, 2003, appeared
untimely. 

 By his motion for rehearing, appellant details the events leading to his application
for a writ of habeas corpus filed pursuant to article 11.07 of the Texas Code of Criminal
Procedure and the Court of Criminal Appeals' grant of relief. On July 23, 2004, this Court
received a copy of the order from the Court of Criminal Appeals granting appellant an out-of-time appeal and instructing him to file a notice of appeal within 30 days after mandate
was issued. Mandate having been issued by the Court of Criminal Appeals on April 28,
2004, appellant's notice of appeal filed on May 24, 2004, is timely. Thus, we reinstate the
appeal and direct appellant to file his brief within 30 days after the date of this opinion. The
State's brief will be due within 30 days after appellant's brief is filed. See Tex. R. App. P.
38.6(a) and (b). 

 Accordingly, appellant's motion for rehearing is granted and his appeal is reinstated
effective the date of this opinion.

 Per Curiam



Do not publish.



f">Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Appellant Wendell H. Taylor filed a notice of appeal on October 2, 2009. However,
appellant did not pay the $175 filing fee required from appellants under Texas Rule of
Appellate Procedure 5. On October 13, 2009, appellant filed an affidavit of indigency,
which was contested by the county clerk on October 30, 2009. By hearing on November
30, 2009, the trial court determined that appellant was not indigent and able to pay the
costs associated with prosecuting this appeal. By letter from this Court dated December
14, 2009, we informed appellant that “the filing fee in the amount of $175.00 has not been
paid . . . . If the filing fee is not paid on or before December 28, 2009, the appeal will be
dismissed for want of prosecution.” Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises,
990 S.W.2d 756 (Tex. App.–Amarillo 1998, pet. ref’d). The deadline lapsed, and the fee
was not received. 
          Because appellant has failed to pay the requisite filing fee as directed by the court,
we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 
 
                                                                           Per Curiam