NO. 07-03-0259-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 29, 2004

_____

DAVIE HARRISON, APPELLANT

V.

NORTHWEST TEXAS HEALTH CARE SYSTEM, ET AL., APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,815-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Appellant Davie Harrison, an inmate proceeding *pro se* and *in forma pauperis,* challenges the trial court's order dismissing his claim for alleged negligence and breach of duty in medical services provided by Northwest Texas Health Care, System, *et al.*

Presenting three issues, Harrison contends the trial court abused its discretion in dismissing his claim. We affirm.

Citing sections 671.001 and 672.009 of the Texas Health and Safety Code,[1] Harrison filed a notice of intent to file a claim against Northwest Texas Health Care System, *et al.* pursuant to former article 4590i of the Medical Liability Act within 60 days of the date of his notice. The notice is dated March 17, 2003, and bears a Potter County District Clerk file-stamp of April 4, 2003. It is designated in the clerk's record as "Plaintiff's Original Petition." By the notice, Harrison did not seek any relief against Northwest Texas Health Care System, *et al.* On May 12, 2003, the trial court signed a dismissal order citing, among other reasons, that Harrison's realistic chance of ultimate success was slight and therefore frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. §14.003(b)(1) (Vernon 2002).

By his three issues, Harrison contends the trial court erred in dismissing his claim (1) as frivolous (2) pursuant to section 14.003(b)(1) and (3) pursuant to Rule 165a of the Texas Rules of Civil Procedure. Considering the first two issues together, we disagree.

As noted above, by his handwritten document Harrison stated it was only a notice of claim which he "intend[ed] to file" sixty days after March 17, 2003. Moreover, sections 671.001 and 672.009 have no relevance to the matters asserted in his notice of claim. Harrison did not allege his damages were within the jurisdictional limits of the court and did

---

[1]Section 671.001 is entitled "Standard Used in Determining Death," and section 672.009 is entitled "Use of Information and Records; Confidentiality."

not make a demand for judgment or other relief as required by Rule 47 of the Texas Rules of Civil Procedure.  Harrison's status as a *pro se* litigant did not excuse the failure to comply with the rules of procedure.  *See* Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, no pet.).  As presented in his notice of claim, Harrison's realistic chance of ultimate success was slight, and his filing did not comply with Rule 47.  Thus, we overrule issues one and two.  Our disposition of Harrison's first and second issues pretermits consideration of his third.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

3