Opinion issued December 9, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00409–CV




THOMAS RETZLAFF, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee




On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 13544*I00




MEMORANDUM OPINIONAppellant, Thomas Retzlaff, has neither established indigence nor paid all the
required fees. See Tex. R. App. P. 5 (requiring payment of fees in civil cases unless
indigent), 20.1 (listing requirements for establishing indigence); see also Tex. Gov’t
Code Ann. §§ 51.207, 51.941(a), 101.041 (Vernon Supp. 2004) (listing fees in court
of appeals); Fees Civ. Cases B(1), (3) (listing fees in court of appeals). After being
notified that this appeal was subject to dismissal, appellant did not adequately
respond. See Tex. R. App. P. 5 (allowing enforcement of rule); 42.3(c) (allowing
involuntary dismissal of case). Although appellant has asserted that he filed an
affidavit of indigence that was not contested, an examination of the clerk’s record and
the supplemental clerk’s record shows that the affidavit to which appellant refers is
one he filed on April 3, 2001, covering his inability to pay trial court costs. See Tex.
R. Civ. P. 145. Appellant did not, however, file a postjudgment affidavit of indigence
with his February 20, 2004 notice of appeal. See Tex. R. App. P. 20.1. Neither did
he file a motion for extension of time to file a postjudgment affidavit of indigence. 
See Tex. R. App. P. 20.1(c)(3).
          Accordingly, because appellant did not establish indigence or pay all the
required fees, we dismiss his appeal. See Tex. R. App. P. 42.3(c) (“on its own
initiative after giving ten days’ notice to all parties—the appellate court may dismiss
the appeal . . . . Dismissal . . . may occur if the appeal is subject to dismissal : . .
because the appellant has failed to comply with a requirement of these rules, a court
order, or a notice from the clerk requiring a response or other action within a
specified time.”); see also Holt v. E.F. Enterprises, 990 S.W.2d 756, 758 (Tex.
App.—Amarillo 1998, pet. denied) (“a new affidavit of indigence must be filed in the
trial court after the judgment for purposes of appeal, regardless of whether appellant
filed an affidavit in the trial court under Rule 145 of the Texas Rules of Civil
Procedure.”).
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Hanks.