NO. 07-05-0256-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A 



JULY 18, 2005


______________________________




IN RE BOBBY W. WILLARD, RELATOR



_______________________________



Before REAVIS, CAMPBELL and HANCOCK, JJ.



ON PETITION FOR WRIT OF MANDAMUS




 By this original proceeding, relator Bobby W. Willard, acting pro se (1) and in forma
pauperis, seeks a writ of mandamus to compel the judge of the 364th District Court of
Lubbock County, to rule on motions for "recusal, to compel disclosure of prior DNA
autoradiograph results or sanction." We deny the petition.

 Rule 52.3 of the Texas Rules of Appellate Procedure prescribes the mandatory
contents for a petition for mandamus. Specifically, relator has failed to comply with
subparagraphs (b), (c), (e), (f), (i) and (j) of Rule 52.3. Rule 52.7 of the Texas Rules of
Appellate Procedure prescribes the record to be filed with the petition for mandamus. 
Specifically, relator has failed to comply with subparagraph (a)(1) of Rule 52.7. Thus,
because relator has not complied with the requirements of Rule 52 of the Texas Rules of
Appellate Procedure, we deny the petition.


 Mackey K. Hancock

 Justice
1. A pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d
756, 759 (Tex. App.-Amarillo 1998, no pet.).



ce for all
purposes as opposed to the specific purpose for which it was admitted, thereby depriving him
of a fair and impartial trial, and (2) the trial court committed reversible error in overruling the
prosecutor's final argument at the guilt/innocence phase which encouraged the jury to
speculate about the existence of uncharged, extraneous offenses against him. (1) Based upon
the rationale expressed herein, we affirm.

 Appellant does not challenge the sufficiency of the evidence; thus, our review of the
evidence will be limited to such as is necessary to consider appellant's points. After the
victim's husband left for work no later than 6:00 a.m. on September 11, 1998, and while the
victim and her young sons were asleep, appellant entered the victim's home and committed
a sexual assault on her. Contrary to the victim's account of the events, by his testimony at
the guilt/innocence phase, appellant testified that he entered the home when the victim
opened the door and that the sexual encounters were consensual. Although the victim
reported the attack to the police on the morning of September 11, 1998, and underwent a
sexual assault examination at a hospital, where sperm and other samples were found,
appellant was not apprehended until approximately a year later when he was seen by Officer
Contreras while on patrol in an area where several rapes had been reported. The officer had
been provided with identifying information including a composite sketch of a suspect,
described as six foot, 195 pounds, light brown eyes, wearing a red-black hooded jogging suit,
black skull cap or toboggan, and sport glasses. After stopping appellant, the officer then
requested identification and with his consent, he was taken to the police station. Ultimately,
a DNA comparison identified appellant as the perpetrator of the assault.

 Contending charge error only, by his first point, appellant contends that the inclusion
of the general instruction on extraneous offenses permitting the jury to consider the
extraneous offenses for any purpose whatsoever if proven beyond a reasonable doubt was
egregious error so as to deprive him of a fair and impartial trial. We disagree.

 Paragraph 10 of the charge at the guilt/innocence phase instructed the jury as
follows:

 if there is any evidence before you in this case regarding the defendant's
having committed an offense other than the offense alleged against him in the
indictment in this case, you cannot consider said testimony for any purpose
whatsoever unless you find and believe beyond a reasonable doubt that the
defendant committed such other offense or offenses, if any was committed. 


The State objected to the submission of this paragraph on the ground that no evidence was
offered regarding extraneous offenses.

 In addition to the extraneous offenses instruction, because evidence of other sexual
assaults in the vicinity of the charged offense had been received to explain appellant's
detention upon his apprehension 12 months following the charged offense, by subparagraph
four of paragraph 8 of the charge, the court also instructed the jury as follows:

 In this case evidence has been introduced concerning other sexual assault
offenses. Said evidence was offered for the limited purpose of determining
whether or not Officer Contreras was justified in detaining the defendant for
purposes of identification and you are instructed that you may not consider said
evidence for any other purpose whatsoever. 


During the charge conference, defense counsel requested that paragraph 10 be included in
the charge, and at the conclusion of the charge conference defense counsel did not advance
any objections to the charge as submitted by the trial court. 

 Appellant argues that considering paragraphs 8 and 10 together, the jury violated the
extraneous offenses instruction under paragraph 8 by giving effect to the same extraneous
offense or offenses as evidence of guilt under paragraph 10. Appellant concludes that these
two paragraphs produce mutually contradictory instructions. Considering the discretion
afforded the trial court and because (1) the instruction expressly limited its application to
evidence that the charge stated had been received for the specific and limited purpose of
justifying appellant's detention by Officer Contreras, (2) the jury was instructed that they
should not consider the specific evidence for any other purpose whatsoever, except the
officer's justification of his detention of appellant, and (3) focusing on the limitation for any
other purpose whatsoever, we conclude the charge did not submit mutually contradictory
instructions. Moreover, because appellant requested that paragraph 10 be included and did
not otherwise object to the charge, he is estopped by the doctrine of invited error from raising
this complaint on appeal. Matchett v. State, 941 S.W.2d 922, 935 (Tex.Cr.App. 1996). 
Appellant's first point is overruled.

 By his second point appellant contends the prosecutor's argument was outside the
record and the error deprived him of his substantial right to a fair and impartial trial. We
disagree. In support of his contention, appellant references the following excerpt from the
State's argument:

 [Prosecutor]: Officer Contreras stopped the Defendant because of his belief
that he had a suspect in sexual assaults that had occurred. The
only one on trial is this one with [the victim]. You don't have to
make a decision about whether he did anything else. In fact,
we're not submitting right now - -


 [Defense]: Excuse me.


 [Prosecutor]: - - that there's any evidence - -


 [Defense]: Excuse me, Your Honor. I object, Counsel is outside the record
and I object.


 [Prosecutor]: Your Honor, it's in the Charge.


 The Court: Objection will be overruled. . . .


 [Prosecutor]: The Charge tells you that before you can believe that this
Defendant committed any other sexual assault other than the
one on trial, you have to - -


 [Defense]: Excuse me, Your Honor, I object. This is improper argument. 
It's inflammatory and I object.


 [Prosecutor]: Your Honor, it's - - I'm just referring to the Charge.


 The Court: You may proceed.


 [Defense]: He's drawn - - excuse me.


 The Court: Well, [prosecutor], you may proceed, but do so - -


 [Defense]: Your Honor, at this time, I object.


 The Court: Objection will be sustained. . . .


 [Defense]: At this time, Your Honor, I move for a mistrial.


 The Court: Denied.


 [Prosecutor]: Read Paragraph 10. Okay? We're only trying [the victim's]
case. That the only decision you have to make is to use your
common sense, listen to the evidence you heard about the case
involving [the victim].



 The four areas of permissible jury argument are (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) response to argument of opposing counsel; and
(4) pleas to law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex.Cr.App. 1991), cert.
denied, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). Reversible error results
from improper jury argument only where, when examined in light of the entire record, the
argument is extreme, manifestly improper, injects new and harmful facts into the case, or
violates a mandatory statutory provision. Hernandez v. State, 819 S.W.2d 806, 820
(Tex.Cr.App. 1991), cert. denied, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). An
instruction to the jury to disregard an improper jury argument is generally sufficient to cure
error. Dinkins v. State, 894 S.W.2d 330, 357 (Tex.Cr.App. 1995), cert. denied, 516 U.S. 832,
116 S. Ct. 106, 133 L. Ed.2d 59 (1995).

 Improper jury argument is error of non-constitutional dimension. Tex. R. App. P.
44.2(b); Mosley v. State, 983 S.W.2d 249, 259 (Tex.Cr.App. 1998) (on reh'g), cert. denied,
526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). In establishing the effect of
improper argument, three factors are considered: (1) the severity or magnitude of the
misconduct; (2) the measure taken to cure the misconduct; and (3) the certainty of conviction
absent the misconduct. Mosley, 983 S.W.2d at 259.

 As is apparent from the foregoing record, although appellant's experienced trial
counsel anticipated that State's counsel was poised to make an inaccurate or misleading
argument regarding the justification for appellant's detention, counsel's vigilance effectively
precluded the completion of the statement or point which State's counsel may have been 
trying to make. Moreover, given appellant's testimony, the scientific and other evidence, and
considering the certainty of conviction absent the prosecutor's argument, the argument did
not rise to the level to adversely prejudice appellant's substantial rights. Further, where an
objection is sustained, the appropriate remedy for a curable, erroneous argument is an
instruction to disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex.Cr.App. 1998). After
the trial court sustained appellant's objection, he moved for mistrial, but did not request an
instruction to disregard. Thus, the issue is not presented for our review. Id. Appellant's
second point is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

Do not publish. 
1. Appellant also presented a third point of error. However, by letter brief filed
subsequent to the original brief, counsel concedes with commendable professional candor
that based on Luquis v. State, 72 S.W.3d 355 (Tex.Cr.App. 2002), appellant withdraws his
third point of error from consideration.