NO. 07-06-0100-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 25, 2006



______________________________


 

ARDELL NELSON, JR., APPELLANT



V.



JOE NUNN, ET AL., APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,638-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 On March 22, 2006, appellant filed his notice of appeal with the trial court clerk. By
letter dated May 9, 2006, this court's clerk notified appellant that no timely affidavit of
indigence or filing fee had been received, and that failure to pay the filing fee within ten
days from the date of the letter could result in dismissal of the appeal. Tex. R. App. P.
42.3(c); see Tex. R. App. P. 5. 

 On May 19, 2006 appellant filed an incomplete federal district court form
"Application to Proceed in Forma Pauperis." This document cannot be given effect
because it fails to address each of the matters required by Rule of Appellate Procedure
20.1(b), and was not filed within the time permitted by Rule 20.1(c). Holt v. F.F.
Enterprises, 990 S.W.2d 756, 758 (Tex.App.-Amarillo 1998, pet. denied). Accordingly, this
appeal is dismissed. Tex. R. App. P. 42.3(c).


 James T. Campbell

 Justice





litPgBreakAndParaMark/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0114-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                         SEPTEMBER
14, 2010

                                            ______________________________

 

                                                          WILLIE
GENE MILES,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                            Appellee

 

_________________________________

 

                 FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY;

 

                NO.
C-1-CR-09-211566; HON. HUMBERTO BARRERA, PRESIDING

                                           _______________________________

                                                                              

                                                    On
Abatement and Remand

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








Willie Gene Miles, appellant, appeals a conviction
from the offense of driving while intoxicated and a sentence of 120 days in the
Travis County Jail and a fine of $2,000. 
Appellant timely perfected this appeal by filing a notice of appeal on
March 15, 2010.  The clerks record was
filed on March 16, 2010, and on July 6, 2010, the reporter notified the Court
that no reporters record was taken.  On
April 14, 2010, counsel for appellant notified the Court by letter that
appellant wished to dismiss his appeal. 
In response, the clerks office called and informed him on April 19,
2010, that a formal motion to dismiss with appellants signature was needed in
order for the Court to dismiss this appeal. 
No response was received.  By
letter dated July 14, 2010, counsel was informed again that the Court required
a formal motion signed by appellant in order to dismiss an appeal and he was
given until July 24, 2010, to file it. 
The letter stated that if the motion to dismiss was not received by that
date, appellants brief was due no later than August 13, 2010.  No motion or brief was filed by that date,
however.  On August 20, 2010, the court
sent a letter to counsel for appellant notifying him that the brief was overdue
and that it or a response was due on August 30, 2010.  To date, no response has been filed.

Consequently, we abate the appeal and
remand the cause to the County Court at Law No. 8 of Travis County (trial
court) for further proceedings.  Upon
remand, the trial court shall undertake those proceedings necessary to
determine the following:

1.           
whether
appellant is indigent; 

 

2.           
whether
appellant desires to prosecute the appeal;

 

3. 
     whether
appellant has been denied the effective assistance of counsel due to appellate
counsel=s failure to timely file an appellate
brief.  See Evitts
v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that
an indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief); and,

 

4.         why appellant=s appointed counsel has not complied
with the previously established deadlines.

 

Should the trial court find that
appellant desires to pursue the appeal, is indigent, and has been denied effective
assistance of counsel, we direct it to appoint new counsel for appellant to
prosecute the appeal.  Any and all orders
issued as a result of its proceeding shall be included in a supplemental clerk=s record and filed with this court on or
before October 14, 2010.  Should additional time be needed to
perform these tasks, the trial court may request same on or before October 14,
2010.

It is so ordered.

                                                                                    Per
Curiam

Do
not publish.