NO. 07-06-0074-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 24, 2006

______________________________

MARIA DIAZ, APPELLANT

V.

SOUTHWEST AIRLINES CO., APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 92,456-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Maria Diaz perfected an appeal from a summary judgment in favor of appellee Southwest Airlines Co. in her negligence suit against it.  The parties have filed an agreed motion asserting they have entered a settlement agreement.  The motion requests this court set aside the trial court’s judgment without regard to the merits and remand the case to the trial court for rendition of a judgment in accordance with the parties’ agreement.  This disposition is authorized by Rules of Appellate Procedure 42.1(a)(2)(B) and 43.2(d).  Finding the motion complies with the requirements of Rules 6.6 and 42.1(a), we vacate the judgment of the trial court and remand for rendition of judgment in conformity with the parties’ agreement.

Having disposed of this appeal at the parties’ express request, we will not entertain a motion for rehearing and our mandate shall issue forthwith.

Per Curiam  

`âç Relator

_______________________________

 ON PETITION FOR WRIT OF MANDAMUS 

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Pending before this court is the petition of Michael Cox for a writ of mandamus.  He requests that we order the "99
th
 District Court to grant and provide [him]” the clerk’s record in cause number 92-415-137 along with the court reporter’s record.  We deny the application.

The pertinent rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.  
Tex. R. App. P
. 52.3(j).  The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of.  In this case, the document showing the matter complained of would be the motion requesting a copy of the pertinent records and the order or orders denying it.  None of those items were provided by Cox.  And, even though he represents that the motion and order or orders were mistakenly sent to the Court of Criminal Appeals, this does not relieve him from the obligation to provide same with his petition for writ of mandamus.  Nor does his status as a 
pro se
 litigant 
relieve him of complying with the rules of procedure.  
Holt v. F.F. Enters.
, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).
(footnote: 1)
 Accordingly, the petition for writ of mandamus pending before this court is denied. 

Per Curiam

 

                                 

FOOTNOTES
1: