NO. 07-06-0348-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 18, 2006


______________________________



KYLE ZAHN, AMY ZAHN, ZAHN ENTERPRISES, INC., RICK DENZER, 



 Appellants


v.



HENRY and ERIKA HOEVE,



 Appellees

_________________________________



FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-527,811; HON. WILLIAM C. SOWDER, PRESIDING


________________________________



MEMORANDUM OPINION


___________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellants Kyle Zahn, Amy Zahn, Zahn Enterprises, Inc., Rick Denzer filed a notice
of appeal on August 24, 2006. However, they did not pay the $125 filing fee required from
appellants under Texas Rule of Appellate Procedure 5. Nor did they file an affidavit of
indigence per Texas Rule of Appellate Procedure 20.1. By letter from this Court dated
August 31, 2006, we informed appellants that "the filing fee in the amount of $125.00 has
not been paid" and that the "[f]ailure to pay the filing fee within ten (10) days from the date
of this notice may result in a dismissal." Tex. R. App. P. 42.3(c); see Holt v. F. F.
Enterprises, 990 S.W.2d 756 (Tex. App.-Amarillo 1998, pet. ref'd). The deadline lapsed,
and the fee was not paid.

 Because appellants failed to pay the requisite filing fee as directed by the court, we
dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 


 

 Per Curiam



te this appeal,
to assure that the appeal will be diligently pursued. If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the clerk of this
court to be furnished the name, address, and State Bar of Texas identification number of
the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than April 22, 2004. 

 

 Per Curiam

Do not publish.