NO. 07-06-0374-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 26, 2006


______________________________



R. WAYNE JOHNSON, APPELLANT



V.



MARY MILLER, ET AL., APPELLEE


_________________________________



FROM THE 320th DISTRICT COURT OF POTTER COUNTY;



HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant R. Wayne Johnson, acting pro se, filed a notice of appeal on September
19, 2006 from the denial of permission to file suit, after having been found to be a
vexatious litigant and prohibited from filing suit without permission. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 11.054, 11.101, 11.102 (Vernon 2002) (establishing procedure). On
appeal, he did not pay the filing fee required under the Rules of Appellate Procedure. Nor
did he file an affidavit of indigence in conformity with Rule of Appellate Procedure 20.1. 
By letter from this Court dated September 27, 2006, we advised appellant that "the filing
fee in the amount of $125.00 has not been paid. Failure to pay the filing fee within ten (10)
days from the date of this notice may result in a dismissal." Tex. R. App. P. 42.3(c); Holt
v. F. F. Enterprises, 990 S.W.2d 756 (Tex.App.-Amarillo 1998, pet. denied) (op. on
rehearing). Appellant has not paid the fee as directed or filed an affidavit of indigence. 
Accordingly, we dismiss the appeal. See Tex. R. App. P. 42.3(c), 5. 


 James T. Campbell

 Justice 






 



, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
counsel for appellant has abandoned the appeal; (2) if appellant desires to prosecute this
appeal, whether appellant's present counsel should be replaced; and (3) what orders, if
any, should be entered to assure the filing of appropriate notices and documentation to
dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if
appellant desires to prosecute this appeal, to assure that the appeal will be diligently
pursued. If the trial court determines that the present attorney for appellant should be
replaced, the court should cause the clerk of this court to be furnished the name, address,
and State Bar of Texas identification number of the newly-appointed or newly-retained
attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than January 15, 2002. 

 

 Per Curiam

Do not publish.