NO. 07-07-0444-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 1, 2007

______________________________

In re STEVEN D. EVANS, 

Relator

 

_________________________________

On Original Proceeding for Writ of Mandamus

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before this court is the application of Steven D. Evans for a writ of mandamus.  Through it, he requests that we direct Judge John B. Board of the 181
st
 District Court of Potter County to act upon his request for DNA testing.  The motion was allegedly filed in March of 2007.  We deny the application for the reasons which follow. R
ules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.  
Tex. R. App. P
. 52.3(j).  The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of.  In this case, the document showing the matter complained of would be the motion for DNA testing.  However, it was not provided to the court.  Nor did he verify by affidavit the factual allegations in his petition.  Such was and is also required by the Texas Rules of Appellate Procedure.  
Tex. R. App. P
.
 52.3.  Similarly, the format of his application for writ does not comport with other requirements of appellate rule 52.  For instance, the 
application contains no identity of the parties and counsel, table of contents, index of authorities, statement of the case, or statement of the issues presented.  Rule 52.3 requires one seeking extraordinary relief, such as a writ of mandamus, to include those matters in his petition.  And, that Evans may be acting 
pro se
 does not relieve him of complying with the rules of procedure.  
Holt v. F.F. Enters.
, 990 S.W.2d 756, 759 (Tex. App.
–
Amarillo 1998, pet. denied).

Accordingly, the application for writ of mandamus pending before this court is denied.

 

Per Curiam