

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00263-CV

BYRON MORGAN, APPELLANT

V.

D&S MOBILE HOME CENTER, INC.
AND SHAWN FULLER, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-503,563, Honorable William C. Sowder, Presiding

October 3, 2013

## ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Byron Morgan filed a notice of appeal on August 7, 2013, but failed to pay the $175 filing fee required under Texas Rule of Appellate Procedure 5. We informed Morgan, by letter dated August 8, 2013, that the filing fee was outstanding and that the appeal would be dismissed unless it was paid within ten days from the August 8th letter. TEX. R. APP. P. 42.3(c); *see Holt v. F.F. Enterprises*, 990 S.W.2d 756 (Tex. App.–Amarillo 1998, pet. ref'd). The fee was not paid, and the record failed to show

Morgan to be indigent or having requested leave to proceed as an indigent. Therefore, the cause was dismissed via opinion issued on September 6, 2013.

On September 9, 2013, Morgan filed a motion to "reinstate" the appeal along with the filing fee.[1] However, on September 13, 2013, Shawn Fuller, one of the defendants in the cause, filed a response opposing the motion. He based his opposition on the ground that a final judgment had yet to be filed; that is, he believed that the judgment disposed of the claims asserted against only one defendant, D&S Mobile Home Center, Inc. Nothing in the judgment pertained to Fuller. On September 19th, this court advised appellant that action would be withheld on his motion to reinstate and also directed him to address whether a final, appealable judgment had been filed disposing of all claims and parties. In his response, Morgan produced another judgment that reveals (when coupled with the judgment pertaining to D&S Mobile Home Center) that all claims against all parties were disposed of by the trial court.

Therefore, we grant Morgan's motion to reinstate and vacate our prior order dismissing the appeal.

Per Curiam

---

[1] We treat the motion as one for rehearing.