11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Roy Day, Jr.
            Appellant
Vs.            No. 11-04-00286-CV -- Appeal from Stonewall County
Blue Goose, Ltd. 
            Appellee
 
            Appellant, Roy Day, Jr., appeals from an order granting summary judgment entered by the
trial court on November 10, 2004. We dismiss the appeal.
            Appellant filed his notice of appeal on December 13, 2004. No filing fee accompanied the
notice. The clerk of this court notified appellant of this omission in a letter dated December 13,
2004. The clerk also notified appellant in the letter that the failure to pay the requisite fee within 10
days might result in the referral of the matter to the court for further action. Instead of delivering the
requisite fee, appellant filed a handwritten document entitled “Affidavit of Indigence” on December
29, 2004, wherein he generally alleged that he was indigent. Appellant filed a second document on
January 10, 2005, wherein he only stated, “I [appellant] swear and dispose as follows: I am indi-gence.” 
            Appellant’s attempt to proceed on appeal without advance payment of costs is deficient in
two material respects. TEX.R.APP.P. 20.1(a) permits a party to proceed without advance payment
of costs if the party files an affidavit of indigence in compliance with that rule. The documents
which appellant has filed do not comply with the requirements of TEX.R.APP.P. 20.1 for a sufficient
affidavit of indigence. As per Rule 20.1(b), an affidavit of indigence must contain “complete
information” about the affiant’s income, his spouse’s income -- if any, his assets, his cash on deposit,
his dependents, and his debts, among other things. Rule 20.1(b). The documents upon which
appellant relies do not address any of these elements with any degree of specificity. See In re
Chavez, 62 S.W.3d 225, 227 (Tex.App. - Amarillo 2001, orig. proceeding)(holding the relator’s mere
statement that “I am indigent and unable to pay, or give security...[for] any filing fees or costs” did
not entitle him to the status of an indigent). Furthermore, while appellant labeled these documents
as “affidavits,” they were not executed in compliance with the statutory requirements for affidavits. 
See TEX. GOV’T CODE ANN. § 312.011(1) (Vernon 1998). 
            Additionally, the documents upon which appellant relies were not timely filed. Rule
20.1(c)(1) provides that an appellant must file the affidavit of indigence “with or before the notice
of appeal.” Appellant filed his documents after he filed the notice of appeal. The documents were
not filed at a time which permitted the trial court clerk or court reporter to effectively contest them
under Rule 20.1(e). Moreover, the fact that appellant may have previously filed a document to
illustrate his indigent status with the trial court when the suit was initiated does not satisfy the
requirements of Rule 20.1. An “affidavit of inability” filed pursuant to TEX.R.CIV.P. 145 does not
satisfy the requirements of Rule 20.1. Holt v. F.F. Enterprises, 990 S.W.2d 756, 758-59 (Tex.App.
- Amarillo 1998, pet’n den’d). A party seeking to proceed on appeal without advance payment of
costs must file another affidavit which complies with the more stringent requirements of Rule 20.1. 
Holt v. F.F. Enterprises, supra at 758-59.
            Because appellant has neither paid the filing fee nor relieved himself of the obligation to do
so by complying with Rule 20.1, we dismiss the appeal pursuant to TEX.R.APP.P. 42.3(c). 
            The appeal is dismissed.
 
 PER CURIAM
 
January 31, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.