NO. 07-05-0320-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 23, 2005
_____

IN RE TIMOTHY HEMBREE, RELATOR
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

By this original proceeding, relator Timothy Hembree, acting *pro se,*[1] seeks a writ of mandamus to compel the judge of the 31st District Court of Gray County to dismiss a detainer filed against relator with the Oklahoma Corrections Department, resulting from relator's indictment in cause number 6444 in the 31st District Court of Gray County, Texas. We dismiss the petition.

Rule 52.3 of the Texas Rules of Appellate Procedure prescribes the mandatory contents of a petition for mandamus. Specifically, relator has failed to comply with subparagraphs (a), (b), (c), (d), (e), (f), (h) and (j) of Rule 52.3.

---

[1]A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied).

Thus, because relator has not complied with the requirements of Rule 52 of the Texas Rules of Appellate Procedure, we dismiss this proceeding.[2]

Mackey K. Hancock
Justice

---

[2]Further, while relator makes reference to the Interstate Agreement on Detainers Act, [TEX. CODE CRIM. PROC. ANN.] art. 51.14 (Vernon 1979), neither the facts recited in his petition nor the uncertified documents appended to it reflect that he has complied with the requirements of that Act. In fact, one of the exhibits appended to relator's petition appears to be a memorandum to relator, dated August 12, 2005, from a correctional officer of the Oklahoma institution in which he apparently is incarcerated, in which the officer offers to assist him with the "paperwork" required under the Act. For that reason, also, relator has not demonstrated entitlement to the writ he seeks from this court. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).