NO. 07-07-0428-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2007

_____

In re ROCKY WADE SMITH,

Relator

_____

*On Original Proceeding For Writ Of Mandamus*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Rocky Wade Smith for a writ of mandamus. He requests that we order the "Cottle County District Court Judge to perform his ministerial duties . . . and credit [him] with all time served against his sentence for time spent in custody under said cause, . . . ." We deny the application for the reasons which follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be Smith's request to the trial court asking for jail credit while his charge was pending. No such document appears in

Smith's appendix. And, that Smith may be acting *pro se* does not relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Second, nothing of record indicates that Smith's request for credit for time served during the pendency of his case was ever brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Smith to illustrate that the district court received and was aware of his request. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, the record fails to show that Smith had made a request to the trial court regarding this jail time credit. Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its supposed duty to act and neglected to perform it. Thus, Smith has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, the application for writ of mandamus pending before this court is denied.

> Brian Quinn
> Chief Justice

2