NO. 07-07-0444-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 1, 2007



______________________________




In re STEVEN D. EVANS, 



 Relator

 




_________________________________



On Original Proceeding for Writ of Mandamus


_______________________________


 


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Pending before this court is the application of Steven D. Evans for a writ of
mandamus. Through it, he requests that we direct Judge John B. Board of the 181st
District Court of Potter County to act upon his request for DNA testing. The motion was
allegedly filed in March of 2007. We deny the application for the reasons which follow. Rules of procedure obligate one seeking mandamus relief to accompany his petition
with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other things, a
certified or sworn copy of the document showing the matter complained of. In this case,
the document showing the matter complained of would be the motion for DNA testing. 
However, it was not provided to the court. Nor did he verify by affidavit the factual
allegations in his petition. Such was and is also required by the Texas Rules of Appellate
Procedure. Tex. R. App. P. 52.3. Similarly, the format of his application for writ does not
comport with other requirements of appellate rule 52. For instance, the application
contains no identity of the parties and counsel, table of contents, index of authorities,
statement of the case, or statement of the issues presented. Rule 52.3 requires one
seeking extraordinary relief, such as a writ of mandamus, to include those matters in his
petition. And, that Evans may be acting pro se does not relieve him of complying with the
rules of procedure. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.-Amarillo 1998,
pet. denied).

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 

 Per Curiam



n="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0047-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

APRIL 13, 2010

 

______________________________

 

 

MILESTONE ARCHITECTURAL ORNAMENTATION, INC., APPELLANT

 

V.

 

CECILIA CAMILLE OCHS, APPELLEE

 

_________________________________

 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 97,201-D; HONORABLE DON EMERSON, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Proceeding pro se through its Chief Executive
Officer, Appellant, Milestone Architectural Ornamentation, Inc., filed a notice of appeal from the trial court's judgment
in favor of Appellee, Cecilia Camille Ochs. 
For the reasons expressed herein, we dismiss this appeal for want of
jurisdiction.

            A timely notice of
appeal is essential to invoke this Court's jurisdiction.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  A notice of appeal must be filed within
thirty days after judgment is signed.  Tex.
R. App. P. 26.1.  The deadline is
extended to ninety days under certain circumstances.  Id. at 26.1(a).  A
further fifteen-day extension is provided by Rule 26.3 of the Texas Rules of
Appellate Procedure. 

            The limited documents
filed in this appeal reflect that the judgment being appealed was signed on
October 21, 2009.  A motion for new trial
was filed on October 28, 2009, extending the deadline in which to file a notice
of appeal to January 19, 2010.  Adding
the fifteen day extension,[1]
the last possible date in which to file the notice was February 3, 2010. The
notice of appeal, however, was not filed until February 4, 2010, beyond all
possible deadlines in which to do so.[2]  

Pursuant to Rule 42.3(a) of the Texas Rules of Appellate
procedure, Appellant's CEO was notified by letter dated February 17, 2010, to
show cause why this appeal should not be dismissed for
want of jurisdiction, noting that failure to respond would result in
dismissal.  No response was filed.  This Court has no discretion in the matter
other than to dismiss the appeal.  Tex.
R. App. P. 2.  

            Consequently,
this purported appeal is dismissed for want of jurisdiction. 

 

                                                                        Patrick A. Pirtle

      Justice

 











[1]A
motion for extension of time for the fifteen day deadline is necessarily
implied.  See Verburgt  v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  "[O]nce the
period for granting a motion for extension of time . . . has passed, a party
can no longer invoke the appellate court's jurisdiction."  Id.





[2]
The notice of appeal was hand delivered making Rule 9.2(b) of the Texas Rules
of Appellate Procedure inapplicable.