NO. 07-09-0083-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2009

_____

IN RE ROY JON, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Roy Jon, an inmate proceeding pro se and in forma pauperis, seeks a writ of mandamus to compel the Lubbock County District Clerk, Barbara Sucsy, to serve the defendants in cause number 2009-545,901 with citation and complaint filed in the 72nd District Court of Lubbock County. He alleges the district clerk must also issue affidavits and written instruments such as "Plaintiff's Affidavit of In Formal [sic] Pauperis, certified copy of trust fund statement, Affidavit Relating to Exhaustion of Administrative Grievances Step 1 and Step 2, and Affidavit Relating to Previous Filed Lawsuit." For the following reasons, we deny Relator's request and dismiss his petition for want of jurisdiction.

This Court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2008). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex.App.–San Antonio 1998, no pet.). Relator has no appeal pending in our Court; thus, he has not demonstrated that the exercise of our mandamus authority against the Lubbock County District Clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against Barbara Sucsy.

Additionally, Relator has failed to comply with the applicable rules of procedure. *See* Tex. R. App. P. 52.3. Specifically, Appellant has not included an appendix to his petition for writ of mandamus containing certified or sworn copies of the documents he references in his petition. The fact that Relator is proceeding pro se does not excuse him from complying with rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied).

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

2