Opinion issued May 28, 2009



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00094-CV






MELVIN HOLLOWAY, Appellant


V.


BANK OF NEW YORK, Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 907809






MEMORANDUM OPINION

 Appellant Melvin Holloway ("Holloway") appeals from a county court
judgment awarding possession of real property to appellee Bank of New York in a
forcible entry and detainer action. In his sole issue, Holloway argues that Bank of
New York engaged in wrongful foreclosure of his property, thereby depriving him of
rightful possession of his property.

 We affirm the judgment of the trial court. 

Background

 On October 3, 2007, Bank of New York filed a forcible entry and detainer
action in Harris County Justice Court, Precinct No. 7, Position No. 1 against appellant
Holloway to obtain possession of real property located at 12123 Carrswold Drive in
Houston Texas ("Property"). Holloway was both tenant and mortgagor of the
property; Bank of New York acquired title to the property through a non-judicial
foreclosure sale. The justice court ruled in favor of Bank of New York and gave it
possession of the property. 

 Holloway timely appealed to the County Civil Court No. 2 in Harris County. 
The trial commenced on February 4, 2008. The trial court granted judgment to Bank
of New York, declaring that Bank of New York "is entitled to and shall have
judgment against Defendants Melvin Holloway and all other occupants of the
Premises for possession of the Premises and that, in the event Defendants and all
other occupants of the Premises do not vacate the Premises on or before February 15,
2008, a writ of possession shall issue to enforce this judgment and such [other] writs
as are necessary to enforce this judgment shall issue." On February 7, 2008,
Holloway filed his notice of appeal.

Waiver


 In his sole issue, Holloway argues that Bank of New York engaged in wrongful
foreclosure of his property, thereby depriving him of rightful possession of his
property. However, Holloway's brief does not contain any discussion of the facts of
the case. Nor does his brief contain any legal authority for his arguments. 

 This issue is inadequately briefed and is, therefore, waived. See Tex. R. App.
P. 38.1(h); see also Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d
118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied) (stating that Rule 38
requires appellant to provide reviewing court "with such discussion of the facts and
the authorities relied upon as may be requisite to maintain the point at issue"). (1)

 We overrule Holloway's sole issue.







Conclusion

 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

1. Texas courts have held that "pro se litigants are not exempt from the rules of
procedure" and that a "pro se litigant is held to the same standards as licensed
attorneys and must comply with applicable laws and rules of procedure." Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Holt v. F. F. Enterprises,
990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). To do otherwise
would "be to give a pro se litigant an unfair advantage over a litigant who is
represented by counsel." Holt, 990 S.W.2d at 759.