NO. 07-09-0324-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 29, 2009

______________________________


WENDELL H. TAYLOR,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

V.

ZURICH AMERICAN INSURANCE COMPANY,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_______________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2008-562,834; HON. PAULA DAVIS LANEHART, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant Wendell H. Taylor filed a notice of appeal on October 2, 2009. However,
appellant did not pay the $175 filing fee required from appellants under Texas Rule of
Appellate Procedure 5. On October 13, 2009, appellant filed an affidavit of indigency,
which was contested by the county clerk on October 30, 2009. By hearing on November
30, 2009, the trial court determined that appellant was not indigent and able to pay the
costs associated with prosecuting this appeal. By letter from this Court dated December
14, 2009, we informed appellant that âthe filing fee in the amount of $175.00 has not been
paid . . . . If the filing fee is not paid on or before December 28, 2009, the appeal will be
dismissed for want of prosecution.â Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises,
990 S.W.2d 756 (Tex. App.âAmarillo 1998, pet. refâd). The deadline lapsed, and the fee
was not received. 
Â Â Â Â Â Â Â Â Â Â Because appellant has failed to pay the requisite filing fee as directed by the court,
we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 
 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Â 
Â 
Â 
Â 
Â 
Â 
Â 



"69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0425-CR

NO.
07-10-0426-CR

NO.
07-10-0427-CR

NO.
07-10-0428-CR

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MAY
4, 2011

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PRESTON JAMES BYERLY,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _____________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 432ND DISTRICT
COURT OF TARRANT COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NOS. 1158634D;
1159402D; 1158631D; 1160317D;

Â 

HON. RUBEN GONZALEZ, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Memorandum
Opinion

______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Preston
James Byerly (appellant) appeals
his multiple convictions and judgments for aggravated robbery with a deadly
weapon.Â  Upon pleading guilty to the four
indictments, and after presenting punishment evidence, appellant was sentenced
to forty years in prison for each offense.Â 
Before us is appointed counselÂs motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit.Â 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counselÂs belief that there was no reversible error
and of appellantÂs right to file a response pro se. Â By letter dated March 11, 2011, this court
also notified appellant of his right to tender his own response and set April
11, 2011, as the deadline to do so.Â  To
date, no response has been filed.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  In
compliance with the principles enunciated in Anders, appellate counsel
discussed six potential areas for appeal.Â 
They included 1) the adequacy of the indictments, 2) the trial courtÂs
jurisdiction, 3) whether the open plea of guilty was valid, 4) trial court
error in denying appellantÂs motion for new trial, 5) possible punishment error
including a discussion on cruel and unusual punishment and 6) disproportionate
sentencing.Â  However, counsel then
proceeded to explain why none of the issues required reversal on appeal.

Â Â Â Â Â Â Â Â Â Â Â  In
addition, we conducted our own review of the record to assess the accuracy of
appellate counselÂs conclusions and to uncover any reversible error pursuant to
Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).Â  After doing so, we concur with those conclusions.Â  

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
the motion to withdraw is granted, and the judgments are affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â  Â  Chief
Justice

Do not
publish.Â  

Â 











[1]See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).