*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-09-00755-CV

Gary Michael **HENDRICK**,
Appellant

v.

Cynthia Elaine **JARVIS**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-14715
Honorable Michael Peden, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

AFFIRMED

This is an appeal of a default protective order. On September 8, 2009, Cynthia Jarvis filed an application for protective order. The application alleged that Gary Hendrick, her former husband, had committed family violence. Hendrick was served with a copy of the application for protective order and was informed that the protective order could issue by default if he failed to appear at the hearing set for September 24, 2009. Upon receiving the application and notice

of hearing, Hendrick notified the court that he could not appear for a hearing until he "raise[d] the money for a plane ticket and a lawyer."

When the trial court called the underlying case for hearing on September 24, 2009, Hendrick did not appear. The trial court therefore issued the protective order against Hendrick. The court found Hendrick had "committed family violence and family violence is likely to occur in the future pursuant to Section 85.001 of the Texas Family Code." The protective order prohibited Hendrick from, among other things, committing family violence against the complainant and communicating with her or her family. This appeal followed.

Hendrick's original appellate brief was deemed deficient by this court. We notified Hendrick about his brief's deficiencies and directed him to file an amended brief correcting all of the deficiencies. Most notably, Hendrick's brief did not contain appropriate citations to the record or provide any legal authority as required by Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1(d), (g), (i). Although Hendrick filed an amended brief, he failed to correct any of these deficiencies.

"'A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.'" *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied) (citation omitted). "If a *pro se* litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel." *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). "On appeal, as at trial, the *pro se* appellant must properly present [his] case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

"When a party fails to brief a complaint adequately, he waives the issue on appeal." *Willms v. Wilson*, No. 05-09-01048-CV, 2010 WL 1495143, *2 (Tex. App.—Dallas 2010, no pet.) (mem. op.). Hendrick was afforded an opportunity to provide the court with appropriate citations to authorities and to the record, but failed to correct such deficiencies in his amended brief. His amended brief simply denies the allegations contained in the application for protective order and explains what he believes is his ex-wife's true motivation for seeking a protective order against him. Because Hendrick fails to show how the record and law support his contentions, we conclude he has inadequately briefed his complaint and waived the issue on appeal. *See id.* (concluding *pro se* litigants preserved nothing for appellate review where they offered no meaningful legal analysis in their amended brief and failed to support their contentions with appropriate citations despite an opportunity to correct these deficiencies).

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice