

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:       Chrisondath Badall v. Rukmin Durgapersad

Appellate case number:    01-13-00596-CV

Trial court case number:  70552

Trial court:                75th District Court of Liberty County

Pending before the Court are two motions. Appellee, Rukim Durgapersad, has filed a "Notice of Appellant's Failure to File Affidavit of Indigence Pursuant to T.R.A.P. 20.1," requesting that the Court order appellant, Chrisondath Badall, to comply with Texas Rule of Appellate Procedure 20.1. Appellant has filed a "Motion for Court to Compel Court Reporter to Provide Records." We deny both motions.

With respect to appellee's motion, Texas Rule of Appellate Procedure 20.1 provides a mechanism for a party to proceed on appeal if he is indigent. *See* TEX. R. APP. P. 20.1. However, a party is only required to comply with Rule 20.1 if he desires to proceed in his appeal without advance payment of costs. *See id.* It is for appellant to determine whether he would like to establish indigence in accordance with Rule 20.1 and proceed without advance payment of costs. The Court cannot make that decision for appellant and order his compliance. Accordingly, we DENY appellee's "Notice of Appellant's Failure to File Affidavit of Indigence Pursuant to T.R.A.P. 20.1," which requested that the Court order appellant to comply with Rule 20.1.

In regards to appellant's motion, the Court determines that appellant has failed to comply with the provisions set forth in Texas Rule of Appellate Procedure 20.1, and, therefore, is not entitled to the reporter's record to be prepared without prepayment. *See* TEX. R. APP. P. 20.1(k) ("If a party establishes indigence, the trial court clerk and the court reporter must prepare the appellate record without prepayment."). Through correspondence with the Court, appellant indicated that he was previously granted his "request to proceed IN FORMA PAUPERIS for TRIAL" and that he had "made the same request for APPEAL." However, a further review of the record indicates that appellant did not make his request to proceed on appeal without advance payment of costs in compliance with Rule 20.1.

Following final judgment in the trial court, appellant did not file an affidavit of indigence in the trial court with or before the notice of appeal. *See* TEX. R. APP. P. 20.1(c). Instead, appellant filed a "Motion for Free Appellate Record," which sought to incorporate a "previously filed affidavit of indigence" by reference. This is not sufficient to meet the requirements of Rule 20.1. Rule 20.1 states that "[a] party who cannot pay the costs in an appellate court may proceed without advance payment of costs if: (A) the party files an affidavit of indigence in compliance with [Rule 20.1]; (B) the claim of indigence is not contestable, is not contested, or, if contested, the contest is not sustained by written order; and (C) the party timely files a notice of appeal." *See id.* 20.1(a)(2). Simply put, appellant has not filed an affidavit of indigence, and, therefore, appellant is not entitled to proceed in his appeal without advance payment of costs. *See id.*

To the extent appellant seeks to rely on his "Affidavit of Inability to Pay Costs of the Appeal," filed in the trial court on December 10, 2010, the Court determines that he may not. Rule 20.1 requires current proof of indigence and an affidavit to be filed after the trial court's judgment. *See id.* 20.1; *see also Magoon v. Frommeyer*, No. 01-99-01242-CV, 2001 WL 253435, at *1 (Tex. App.—Houston [1st Dist.] Mar. 15, 2001, no pet.) ("For appellate purposes, a new affidavit of indigence under rule 20.1 must be filed in the trial court after judgment . . . ."). Appellant's December 10, 2010 affidavit does not satisfy either of these requirements. Further, appellant's December 10, 2010 affidavit fails to include all information required to be provided under Rule 20.1. *See* TEX. R. APP. P. 20.1(b); *see also Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, no pet.). Therefore, appellant may not rely on his December 10, 2010 affidavit in order to establish his indigence in this current appeal.

Appellant also may not rely on his August 5, 2010 affidavit filed in the trial court, which supported appellant's motion to proceed in the lower court *in forma pauperis*. Under Rule 20.1, "[t]he prior filing of an affidavit of indigence in the trial court pursuant to Texas Rule of Civil Procedure 145 does not meet the requirements of [Rule 20.1]"; a separate affidavit and proof of current indigence is required. *See* TEX. R. APP. P. 20.1(c)(1); *see also Smith v. Pioneer Homes Builders, Inc.*, No. 14-12-00825-CV, 2012 WL 7688262, at *1 n.1 (Tex. App.—[14th Dist.] Dec. 14, 2012, order) (per curiam), *disp. on merits*, 2013 WL 3868429 (Tex. App.—Houston [14th Dist.] July 23, 2013, no pet.) ("Even if a party proceeded as a pauper in the trial court, a new affidavit of indigence must be filed in the trial court after judgment for purposes of appeal.").

Appellant has not established his indigence pursuant to Texas Rule of Appellate Procedure 20.1 for purposes of this appeal. Accordingly, appellant is not entitled to proceed in appellate court without the advance payment of costs and the court reporter is not required to prepare the appellate record without prepayment. *See* TEX. R. APP. P. 20.1(a)(2), 20.1(k). We DENY appellant's "Motion for Court to Compel Court Reporter to Provide Records."

Appellant is ORDERED to pay the $175 filing fee to this Court no later than 30 days from the date of this order, or the Court may dismiss the appeal. *See* TEX. R. APP. P. 5; 42.3.

It is further ORDERED that, no later than 30 days from the date of this order, appellant file with this Court proof that he has paid or made arrangements to pay for the preparation of the reporter's record, or the Court may consider and decide only those issues or points that do not

require a reporter's record for a decision. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
                          X  Acting individually    ☐  Acting for the Court

Date:  September 26, 2013