**Deny and Opinion Filed October 27, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-01323-CV

---

### IN RE YESHMEL WRIGHT, Relator

---

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-71955-U**

---

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice FitzGerald, and Justice Francis
Opinion by Justice Francis

Relator filed this petition for writ of mandamus seeking to compel the trial court to rule on his June 16, 2014 motion to obtain a free copy of the reporter's and clerk's record and his August 7, 2014 motion to convene a court of inquiry and require the trial judge to recuse herself from presiding over the court of inquiry. The petition does not include a mandamus record that demonstrates these pleadings were filed in the trial court.

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Without a proper record the Court cannot determine whether the motions relator contends he has filed are on file with the trial court and have not been resolved. The relator's petition is not certified as required by rule 52.3(j). TEX. R. APP. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that

every factual statement in the petition is supported by competent evidence included in the appendix or record."). In addition, relator's appendix is not supported as required by the rules of appellate procedure because it does not include either a mandamus appendix or record demonstrating the relator is entitled to relief. TEX. R. APP. P. 52.3(k) (setting out necessary and optional contents of appendix), 52.7(a) (setting out required contents of record).

Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates as to other litigants. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that the trial court failed to perform a ministerial duty and there is no other adequate legal remedy. *See In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). The record before us does not permit us to conclude the trial court has failed to perform a ministerial duty. We **DENY** the petition.

141323F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–2–