**Deny and Opinion Filed October 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01284-CV

### IN RE SANDRA CRENSHAW, Relator

**Original Proceeding from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02008**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Evans
Opinion by Justice FitzGerald

Relator filed this five sentence petition for writ of mandamus, prohibition, and injunction and motion for emergency stay characterizing the underlying case as an election contest and complaining of the failure of the trial court to transfer the case to a visiting judge. The virtually complete absence of a statement of facts and the complete absence of a mandamus record of any kind prevent the Court from discussing the facts and issues in the case. Relator prays that the Court grant an emergency stay of the proceedings in the trial court and prohibit any motions to be filed or hearings set to preserve evidence while this Court considers the merits of the original proceeding. The relator further prays that the presiding judge be compelled to transfer the case to a visiting judge.

The petition for writ of mandamus does not provide any basis for granting the relief the relator requests. The Texas Rules of Appellate Procedure have specific requirements for the

form and contents of a petition for writ of mandamus.[1] Relator's petition does not comply with the rules of appellate procedure in virtually any respect.[2] On appeal, as at trial, the pro se litigant must properly present his or her case.[3] If a pro se litigant is not required to comply with the applicable rules of procedure, he or she would be given an unfair advantage over a litigant who is represented by counsel.[4] There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.[5]

Relator's petition does not set forth issues or points presented for relief.[6] The petition includes no appendix or record,[7] so the few facts presented are not cited to competent evidence included in the appendix or record.[8] The petition includes virtually no argument[9] and cites only this Court's mandamus jurisdictional statute and the Texas Constitution as authority for the relief the relator seeks.[10] Finally, relator cannot meet the certification requirements because, absent an appendix or record, relator cannot certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record."[11]

---

[1] TEX. R. APP. P. 52.3.

[2] *See infra* notes 6–11.

[3] *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

[4] *Holt v. F.F. Enters.,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

[5] *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

[6] *See* TEX. R. APP. P. 52.3(f) ("The petition must state concisely all issues or points presented for relief.").

[7] *See* TEX. R. APP. P. 52.3(k) (setting forth necessary and optional contents of appendix), 52.7(a) (setting forth required contents of record).

[8] *See* TEX. R. APP. P. 52.3(g) ("The petition must state concisely and without argument the facts pertinent to the issues or points presented. Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record.").

[9] *See* TEX. R. APP. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made. . . .").

[10] *See* TEX. R. APP. P. 52.3(h) ("The petition must contain . . . appropriate citations to authorities and to the appendix or record.").

[11] *See* Tex. R. App. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."). Relator's certification does not completely track this language. She states, "I certify that I have reviewed the petition and have concluded that every factual statement made in the petition is supported by competent evidence included in the records." In light of the complete absence of an appendix or mandamus record in this case, we need not further expound on the sufficiency of the certification other than to alert relator the requirements should be strictly followed.

For all of these reasons, relator has failed to establish she is entitled to relief.  We **DENY** the petition and **DENY** the motion for stay.[12]

141284F.P05

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

---

[12] *See* TEX. R. APP. P. 52.8.