**DENY; and Opinion Filed November 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01421-CV

### No. 05-14-01425-CV

### IN RE DONALD GENE BLANTON, Relator

**Original Proceeding from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 23078-86, No. 23592-86**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Evans
Opinion by Justice Fillmore

Relator filed this petition for writ of mandamus contending that the trial court improperly denied his motion requesting forensic DNA testing and appointment of counsel to pursue his motion for forensic DNA testing. Relator was previously convicted by a jury on two charges: (1) possession of cocaine in an amount less than one gram and (2) tampering with evidence. *Blanton v. State,* No. 05-05-01060-CR, 2006 WL 2036615, at *1 (Tex. App.—Dallas July 21, 2006, pet. ref'd) (mem. op., not designated for publication).[1] The jury assessed an enhanced punishment of twenty years imprisonment in the possession case and imprisonment for life in the

---

[1] The tampering charge was based on an allegation that Blanton ripped a baggie containing the crack cocaine in an attempt to disperse its contents prior to a traffic stop. We observed in our opinion the tampering charges "arose after Mabank police officer Joshua Jennings signaled Blanton to stop for a traffic violation. During the approximate 250 feet Blanton traveled before stopping, Jennings observed Blanton throw two plastic 'baggies' from his car window. The bags were later retrieved and, although ripped with some of the contents spilling onto the street and unrecoverable, they contained a measurable amount of what appeared to be crack cocaine and marijuana." *Blanton*, 2006 WL 2036615, at *1. On appeal we determined that this conduct amounted to altering the evidence in the case with the intent to impair its verity or availability as evidence. *Id.* at *2.

tampering case. *Id.* We affirmed the convictions. *Id.* Relator now contends that a baggie introduced into evidence at his trial did not contain cocaine and that forensic DNA testing would validate his contention.

The Texas Rules of Appellate Procedure include specific requirements concerning the form and contents of a petition for writ of mandamus and relator's petition does not comply with those requirements. TEX. R. APP. P. 52.3. Relator's mandamus appendix does not include a copy of his motion for forensic DNA testing, the trial court's order denying the appointment of counsel to pursue forensic DNA testing, or the trial court's order denying the motion for forensic DNA testing. Because these critical pleadings and orders are absent from the mandamus record, the petition does not comply with the rules of appellate procedure. *See, e.g.,* TEX. R. APP. P. 52.3(k) (requiring that appendix include, among other things, a certified or sworn copy of the order complained of), 52.7(a) (requiring that mandamus record include, among other things, a certified or sworn copy of every document that is material to relator's claim for relief filed in any underlying proceeding). Relator also has not certified "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), this Court strictly enforces the authentication requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original."). On appeal, as at trial, the pro se litigant must properly present his or her case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is

represented by counsel. *Holt v. F.F. Enters., 990* S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

Although the deficiencies in relator's petition justify denial of mandamus relief, in the interest of judicial economy we address relator's contention the trial court has abused its discretion in denying his motion for forensic DNA testing of the contents of the baggie and appointment of counsel to pursue forensic DNA testing. To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish the trial court failed to perform a ministerial duty and there is no other adequate legal remedy. *See In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). A trial court order denying a motion for forensic DNA testing is an appealable order. TEX. CODE CRIM. PROC. ANN. art. 64.05 (West Supp. 2013). Accordingly, relator had an adequate legal remedy to challenge the action of the trial court in denying his request for forensic DNA testing and the appointment of counsel to pursue such testing. He is not entitled to mandamus relief.

We deny the petition for writ of mandamus.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

141421F.P05

–3–