**DENIED; and Opinion Filed December 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01513-CV

## IN RE BILLY SHANNON MCKINNEY, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 24008-422**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Myers

Relator filed this petition for the writ of mandamus requesting that the Court order the trial court to rule on his motion to compel the district attorney to allow him to purchase a copy of the state's working file. Relator's petition includes attachments that purport to be copies of the documents he filed in the trial court. His petition further includes an inmate's declaration in which he recites, "According to my belief the foregoing information and allegations of this application for writ of mandamus are correct to the best of my knowledge." Relator's petition does not comply with the rules of appellate procedure.

The Texas Rules of Appellate Procedure include specific requirements concerning the form and contents of a petition for writ of mandamus. *See* TEX. R. APP. P. 52.3, 52.7. Relator has not certified "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). In addition, his declaration does not unequivocally state that the documents attached to the petition are true and correct copies of

the original documents filed in the trial court. Rather, he declares the facts to be correct "according to my belief" and "to the best of my knowledge," neither of which suffice to prove up the documents as true copies of the documents filed in the trial court. *See In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original.").

Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), this Court strictly enforces the authentication requirements of rule 52 to ensure the integrity of the mandamus record. On appeal, as at trial, the pro se litigant must properly present his case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Holt v. F.F. Enters.,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

We **DENY** the petition.


141513F.P05

/Lana Myers/
LANA MYERS
JUSTICE