**DENY; and Opinion Filed March 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00268-CV**

**IN RE AARON WADE SMITH, Relator**

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 060321**

# MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

Relator Aaron Wade Smith purportedly filed a motion titled "Habeas Corpus / District Court" in the trial court on November 4, 2018. In that motion, relator seeks a copy of the trial transcript or, alternatively, access to the trial transcript, for use in preparing a post-conviction petition for writ of habeas corpus. In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on and grant relator's motion for a copy of the trial transcript.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re*

*Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). This Court has jurisdiction to direct the trial court to rule but not to compel the trial court to rule a certain way on an issue involving judicial discretion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be.").

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Rule 52.3(j) requires the relator to certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j).

"Because the record in a mandamus proceeding is assembled by the parties, this Court strictly enforces the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding). The rules apply equally to all parties, whether a party is represented by counsel or not. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding). "If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel." *In re McKinney*, 2014 WL 7399301, at *1 (citing *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied)). "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).

Relator has not provided a record in compliance with rules 52.3 and 52.7. Relator has attached non-file-stamped, non-certified copies of the motion purportedly filed in the trial court on November 4, 2018 and the motion to compel asking for a ruling on the motion. Relator has not included a docket sheet or other form of proof that those motions were filed and the trial court has not ruled on the motions. Further, relator has not certified "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). In addition, relator's petition does not include an affidavit or unsworn declaration unequivocally stating that the documents attached to the petition are true and correct copies of the original documents filed in the trial court. We may not, therefore consider the motions sworn copies of the originals. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (relator's affidavit insufficient to render documents sworn copies of the originals); TEX. R. APP. P. 52.3(k), 52.7.

This record is insufficient to establish that the motions were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. Accordingly, we deny relator's petition for writ of mandamus without prejudice to refiling a petition for writ of mandamus accompanied by a certified or sworn record demonstrating that relator properly filed and timely presented his motion for a copy of the trial transcript to the trial court, relator asked for a ruling on the motion, and the trial court refused or failed to rule on the motion within a reasonable time. *See* TEX. R. APP. P. 52.8(a); *see also In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190268F.P05