

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00159-CR

---

IN RE BENNIE L. COLE, RELATOR

---

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

---

August 11, 2021

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator, Bennie L. Cole, petitions for a writ of mandamus directing an unnamed judge of the 137th Judicial District, Lubbock County, to act upon a purported motion concerning DNA testing. We deny the petition.

First, Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Rule 52.3(k)(1)(A) provides that the appendix to a petition for writ of mandamus must contain a certified or sworn copy of any order complained of or any other document showing the matter about which he complains. TEX. R. APP. P. 52.3(k)(1)(A). No such appendix accompanied Cole's petition. So, no purported motion for DNA testing appears in the record before us. More importantly, a copy of such motion would be a document within the scope of the matter about which he complains for purposes of Rule 52.3(k)(1)(A). Thus, Cole failed to comply with that rule.

1

Also lacking is compliance with other aspects of Rule 52. For instance, he did not certify, as required by Rule 52.3(j), that he reviewed the petition and concluded that every factual statement in it is supported by competent evidence included in an appendix or record. TEX. R. APP. P. 52.3(j). And, that Cole may be acting pro se does not relieve him from complying with the rules of procedure. *In re Martinez*, No. 07-14-00343-CV, 2014 Tex. App. LEXIS 11058, at *2 (Tex. App.—Amarillo Oct. 6, 2014, orig. proceeding) (per curiam) (mem. op.); *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

We further note that nothing of record indicates that the purported motion was brought to the attention of the trial court or that the trial court knew of it. This omission is of import because a trial court cannot be found to have abused its discretion until the complainant established that it had been asked to perform a non-discretionary act. *See O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To the extent that Cole complains of the trial court's failure to act on his supposed motion, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of the motion. *See In re Chavez*, 62 S.W.3d at 228. One can hardly be faulted for doing nothing if he were unaware of the need to act. And, though Cole does insinuate in his petition that he filed the motion and ensuing notices about it with the district clerk, that alone does not illustrate that the trial court knew of them. *See id.* ("If filing occurred with the district clerk, we know of no rule which imputes the clerk's knowledge to the trial court. Thus, it would be incumbent upon appellant to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it."); *see also In re Boyd*, No. 07-19-00279-CV, 2019 Tex. App. LEXIS 6958,

2

at *4 (Tex. App.—Amarillo Aug. 8, 2019, orig. proceeding) (per curiam) (mem. op.) (stating that a "clerk's knowledge of a filing is not imputed to the trial court" and "[m]erely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement").

For the foregoing reasons, we deny Cole's petition for writ of mandamus.

Per Curiam